IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF CELL PHONE ACCTS AND INFORMATION ASSOCIATED WITH PARTICULAR CELLULAR TOWERS (U.S. CELLULAR) | Case No. 1:25-mc-00022-JCN<br><br>**Filed Under Seal** |

**THIRD APPLICATION FOR ORDER COMMANDING U.S. CELLULAR NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF WARRANT**

The United States requests that the Court order U.S. Cellular not to notify any person (including the subscribers and customers of the account listed in search warrant docket number 1:25-mj-00018-JCN) of the existence of the warrant, until October 9, 2025.

U.S. Cellular is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the above-referenced warrant, which requires U.S. Cellular to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the above-referenced search warrant relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the target to the ongoing investigation. Accordingly, there is reason to

1

believe that notification of the existence of the above-referenced search warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving the target the opportunity to destroy or tamper with evidence, change patterns of behavior or flee prosecution. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Much of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the target could destroy that evidence, including information saved to personal computers, other electronic devices, or cloud storage.

For these reasons, the United States respectfully requests that the Court enter an appropriate Order directing U.S. Cellular not to disclose the existence or content of the search warrant until October 9, 2025, except that U.S. Cellular may disclose the above-referenced search warrant to an attorney for U.S. Cellular for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until October 9, 2025. As noted above, these documents relate to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and the disclosure of these documents could alert the target to the ongoing investigation. Good cause exists to seal these documents because their premature disclosure may jeopardize that investigation.

Date:  June 30, 2025                      Respectfully submitted,

                                          CRAIG M. WOLFF
                                          ACTING UNITED STATES ATTORNEY

                                          BY: */s/ Chris Ruge*
                                          Chris Ruge

2

Assistant United States Attorney
202 Harlow St. Bangor, ME 04401
(207)945-0373
chris.ruge@usdoj.gov